## Commonwealth v. Cooper.

*Landlord and tenant—Tenant under lease—Duty to erect fire-escapes—Act of May 3, 1909.*

A tenant for years may be compelled to erect fire-escapes under the Act of May 3, 1909, P. L. 417; a tenant for years will be considered an "owner" under the act.

*Habeas corpus.* C. P. Butler Co., March T., 1924, No. 48.

*W. H. Martin,* for writ.

*Thomas Watson,* District Attorney, for Commonwealth.

HENNINGER, P. J., March 5, 1924.—This cause is presented on a writ of *habeas corpus.* Jacob Cooper, the relator, was arrested for failing to erect and maintain fire-escapes on a certain hotel building in the City of Butler, Pennsylvania, in his exclusive possession as tenant for years. The building is a four-story brick, used in its entirety for hotel purposes. The relator, at the time of his arrest, was the tenant in possession of the building under a written lease dated Feb. 27, 1920, for a term of twenty years. When he became such tenant, the building was not equipped with fire-escapes, and the lease under which he went into possession makes no provision therefor, nor does it require the landlord to make any repairs. It is admitted that the hotel building and the use made of it by the relator is such as to require fire-escapes, under the provisions of the Act of May 3, 1909, P. L. 417, its supplements and amendments, being the act under which the relator was arrested. The sole question involved is whether or not the relator is included within the terms of the act; that is, whether or not he is an owner or owners. If the relator is included within the term "owner or owners," his petition must be denied. If he does not come under that term, he must be released from arrest.

Commonwealth *v.* Cooper.

The term "owner or owners" may designate the owner in fee, for life or for a term of years, all three being recognized estates in land. The person in possession under either holds exclusive possession of the property during the existence of his estate. The relator is, by virtue of the lease, in exclusive possession of the property; therefore, he is the owner of it for a term of years, his ownership, however, limited by the terms of the lease. It is not an absolute ownership, but a restricted ownership, yet, nevertheless, he is an owner.

The act under which the prosecution was instituted, being highly penal, should not be extended by implication to include parties who do not clearly come within its terms, but, in view of the fact that "owner for years" is an appropriate term to designate relator, we believe he comes clearly within the terms of the act.

The term "owner," used in a similar act of assembly dealing with the same subject-matter as the act under which the relator was arrested, to wit, the Act of June 11, 1879, P. L. 128, was construed by the Supreme Court of this State and held to include a tenant in possession: Schott *v.* Harvey, 105 Pa. 222; Keely *v.* O'Conner, 106 Pa. 321.

The Act of 1879 was repealed by the Act of June 3, 1885, P. L. 68, which act substituted the term "owner in fee or for life" instead of "owner." This shows a clear intention on the part of the legislature to relieve the owner for years in possession from the duty of erecting and maintaining fire-escapes. This act, however, was repealed by the Act of May 3, 1909, P. L. 417, being the act under which the prosecution was instituted. The term "owner in fee or for life" was discarded and "owner or owners" substituted. This shows a clear intention on the part of the legislature to broaden the scope and to include all owners, as well an owner for years as for life or in fee.

After a careful consideration of the various acts dealing with this subject and the construction placed upon them by the courts of the State, we cannot escape the conclusion that when the legislature changed from the term "owner in fee or for life" to the term "owner or owners," it did so in full view of the courts' decisions and for the purpose of including owners for years, thus broadening the term so as to fully reach the mischief sought to be remedied. Were we to adopt the construction contended for by the relator, it would virtually destroy the force of the act of assembly. Many of the buildings covered by the act are in the exclusive possession of tenants for years, the landlords residing in other states or countries. If the tenant for years in possession of the property is not amenable to the act, it would be violated with impunity. We are not inclined to so construe an act of assembly as to destroy its usefulness unless it becomes absolutely imperative to do so. In view of the fact that the term "owner" was defined to include an owner for years prior to its use in the act of assembly, and, therefore, had a well-known meaning, and in view of the fact that a tenant for years is an owner for years, we cannot escape the conclusion that the relator, being a tenant for years in possession of the property and holding exclusive possession, comes clearly within the act of assembly under which he was arrested, and that his petition must be refused.

And now, March 5, 1924, this cause having come on for hearing, and after hearing the proofs and arguments of the parties and upon due consideration, the prayer of the relator is refused and he is remanded to the custody of the sheriff under the commitment issued by John S. Jack, Alderman, under which he was imprisoned when this writ of *habeas corpus* was sued out. The relator to pay the costs of this proceeding.          From Thomas H. Greer, Butler, Pa.